IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TAMI WINN JONES,<br><br>              Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security[1]<br><br>              Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br>**(ECF NO. 32)**<br><br>Case No. 2:15-cv-00516-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Tami Winn Jones moves the Court[2] for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 32.) On July 21, 2015, Ms. Winn Jones filed this action asking the Court to reverse and remand the Administrative Law Judge's ("ALJ") decision denying her application for supplemental security income under Title XVI of the Social Security Act ("Act"). (Compl., ECF No. 3.) On August 22, 2016, the Court remanded the ALJ's decision, requesting that the ALJ (1) provide further analysis regarding Mr. Bagley, Dr. Brown, and Dr. Delcore's opinions, (2) explain how the RFC accommodates Ms. Jones's mental impairments, and (3) explain his analysis of Ms. Jones's obesity and ensure that Ms. Jones's age did not factor into

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to proceed before the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF No. 15.)

1

his RFC determination. (Mem. Dec. & Order ("Order"), ECF No. 30.) The remand makes Ms. Winn Jones the prevailing party, and the Commissioner does not challenge the reasonableness of the fee amount requested. Thus the only disputed issue concerns whether the Commissioner's position was substantially justified. Because the Court finds the Commissioner's position not substantially justified, the Court hereby ORDERS an award of $6,092.00 in attorney fees to Ms. Winn Jones.

## DISCUSSION

Under the EAJA, a court must award attorney fees to the prevailing party unless the Court finds the United States' position substantially justified or special circumstances make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). The Commissioner's position is substantially justified if she took a position with a reasonable basis in both law and fact. Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007); see also Pierce v. Underwood, 487 U.S. 552, 565 (1988). "[A] position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct." Pierce, 487 U.S. at 566 n. 2. "[T]he reasonableness test breaks down into three parts: the government must show 'that there is a reasonable basis ... for the facts alleged ..., that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced.'" Gatson v. Bowen, 854 F.2d 379, 380 (10th Cir. 1988) (quoting United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1487 (10th Cir. 1984)). The Commissioner bears the burden to prove her position was substantially justified. Hackett, 475 F.3d at 1172.

The Commissioner contends her position was substantially justified and therefore this Court should not award attorney fees to Ms. Winn Jones. (Def.'s Resp. in Obj. to Pl.'s Pet. for Atty's Fees Under the Equal Access to Justice Act ("Resp.") 2, ECF No. 33.) However, because the ALJ committed legal error in considering Ms. Winn Jones's age, the Commissioner's position was not substantially justified. In his RFC finding, the ALJ stated that "while the evidence suggest that functional limitations are warranted based on shoulder, knee and back impairments, the claimant is still a younger individual and these limitations do not render her disabled." (R. 23.) In its remand Order, this Court held that "the ALJ committed legal error by considering Ms. Jones's age in making his RFC determination." (Order 15, ECF No. 30.) The Court explained that "The ALJ's statement here epitomizes what SSR 96-8p prohibits, namely an assessment of RFC based in part on age." (Order 14-15, ECF No. 30.) As SSR 96-8p's title suggests, the Social Security Administration issued this Ruling in 1996. Because the ALJ committed patent legal error when he considered Ms. Winn Jones's age in making his RFC determination, the ALJ's decision did not have a reasonable basis in law. Because a reasonable basis does not support the ALJ's decision, the Commissioner's defense of that position lacked substantial justification. Further, well-established case law sets the standard for evaluating medical opinions, and the analysis obviously fell short of the standard. Therefore, the Commissioner's defense laced substantial justification.

## CONCLUSION

For the foregoing reasons, the Court ORDERS an award of attorney fees to Ms. Winn Jones in the amount of $6,092.00 pursuant to the EAJA, 28 U.S.C. § 2412. The award shall be made payable to Ms. Winn Jones and mailed to Ms. Winn Jones's

attorney at the Law Office of Jay Barnes, 1079 E. Riverside Dr., Ste. 203, St. George, UT 84790.

DATED this 1st day of November 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge